IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL SASONI 2007-1 INSURANCE TRUST, a Delaware statutory trust, and MICHAEL SASONI 2007-2 INSURANCE TRUST, a Delaware statutory trust, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Defendants. | C.A. No. 09-00979-GMS <br><br> **JURY TRIAL DEMANDED** |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Parties in the above-captioned action (the "Action") are engaged in discovery proceedings, including, among other things, taking depositions, responding to interrogatories and producing documents for inspection and copying;

WHEREAS, these discovery proceedings involve the production of certain information that the producing party may conclude in good faith constitutes confidential or highly confidential personal, medical, commercial, financial or business information;

WHEREAS, good cause exists for entry of this Stipulated Protective Order (the "Protective Order"); and

WHEREAS, the entry of this Protective Order will promote the fair and expeditious resolution of this litigation;

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and between counsel for the Parties, subject to the approval of the Court, that the following Protective Order shall govern the handling of documents, testimony,

depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties to this Action in connection with discovery in the Action (such information hereinafter referred to as "Discovery Material"):

1. This Protective Order shall govern the use and handling of documents (including graphic and electronically stored information), testimony, any deposition transcript or portion of such transcript, exhibits, discovery responses and any other materials or information, including all copies, excerpts and summaries thereof ("Discovery Material") produced or otherwise disclosed by the Parties or any other individual or entity, including non-parties (collectively, the "Producing Parties") in connection with the Action.

2. The Producing Party may designate as "Confidential" any Discovery Material that it produces or otherwise discloses in this Action which contains either (1) non-public business information or (2) personal information protected by the Health Insurance Portability and Accountability Act ("HIPAA") or any other law relating to disclosure of personal or medical information ("Confidential Information"). Discovery Material may only be designated as Confidential if the Producing Party determines in good faith that public disclosure of such Discovery Material may result in injury to the Producing Party or a non-party.

3. The Producing Party may designate as "Highly Confidential" only such portion of any Discovery Material that it produces or otherwise discloses in this Action which the Producing Party determines in good faith contains such highly sensitive commercial, competitive or proprietary business information that disclosure to opposing Parties would likely cause serious competitive harm ("Highly Confidential Information").

4. Confidential Information and Highly Confidential Information contained in physical objects or documents, or copies thereof, shall be designated upon production by

stamping or affixing thereto an appropriate legend clearly identifying the physical object or document as containing Confidential Information or Highly Confidential Information, as the case may be. The form of the legend shall be as follows, or an equivalent thereto: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In addition, Confidential Information and Highly Confidential Information contained in an electronic medium or electronic format shall be designated upon production by affixing to the diskette or other electronic medium containing such Information the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, and otherwise indicating what information is being designated as Confidential Information or Highly Confidential Information. If any non-party produces or otherwise discloses Confidential Information or Highly Confidential Information belonging to a Party: (a) the Party may direct such non-party to designate the Information as set forth in this Paragraph, or (b) such Party may designate such Information as Confidential or Highly Confidential by notifying all other Parties of its designation of the Information, and directing the other Parties to apply an appropriate legend to the Information (or by providing additional copies of such Information with an appropriate legend).

    5.    Discovery Material designated "Confidential" may be disclosed only in accordance with the provisions of Paragraph 7 below, and only to the following persons, and shall be used solely for the purpose of this Action:

    a.    the Parties of record in this Action and those employees and former employees of such Party who are involved in the litigation and/or trial of this Action;

    b.    counsel of record in this Action and persons regularly employed in the offices of such counsel, but solely to the extent that such counsel and such persons are assigned to or otherwise work on this Action;

  c.  deponents noticed in this Action and their counsel, to the extent necessary to examine such deponents or to prepare them for deposition;

  d.  witnesses or prospective witnesses and their counsel, to the extent necessary for the litigation or trial of this Action;

  e.  experts or consultants that the Parties or their counsel retain to assist in the litigation or trial of this Action, as well as employees of such experts or consultants, to the extent necessary for such experts or consultants in providing their advice, opinions, or testimony;

  f.  independent photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Action and computer service personnel performing duties in relation to a computerized litigation system;

  g.  the Court, court reporters, stenographers, Court personnel provided the document is filed under seal or in redacted form pursuant to FRCP 5.2; and

  h.  any other person to whom the designating person or Party agrees in writing.

6. Discovery Material designated "Highly Confidential" may be disclosed only in accordance with the provisions of Paragraph 8 below, and only to the following persons, and shall be used solely for the purpose of this Action:

  a.  counsel of record in this Action and persons regularly employed in the offices of such counsel, but solely to the extent such counsel and such persons are assigned to or otherwise work on this Action;

  b.  deponents noticed in this Action and their counsel, to the extent necessary to examine such deponents or to prepare them for deposition;

    c.  witnesses or prospective witnesses and their counsel, to the extent necessary for the litigation or trial of this Action;

    d.  experts or consultants that the Parties or their counsel retain to assist in the litigation or trial of the Action, as well as employees of such experts or consultants, to the extent necessary for such experts or consultants in providing their advice, opinions, or testimony;

    e.  independent photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Action and computer service personnel performing duties in relation to a computerized litigation system;

    f.  the Court, court reporters, stenographers, Court personnel provided the document is filed under seal or in redacted form pursuant to FRCP 5.2; and

    g.  any other person to whom the designating person or Party agrees in writing.

  7.  No person described in subparagraphs 5(c), (d) and (e) and 6(c) and (d) above may be given access to Confidential Information or Highly Confidential Information, until and unless such person has executed an undertaking in the form attached (the "Confidentiality Undertaking"), which undertaking shall be maintained by the attorney of record who provides such Confidential Information or Highly Confidential Information. If a Party wishes to examine such a person with respect to Confidential Information or Highly Confidential Information, but such person refuses to execute the Confidentiality Undertaking, the Party may use the Information for the examination and subsequently seek an Order from the Court requiring the person to treat the Confidential Information or Highly Confidential Information subject to the terms of this Protective Order.

8. Except as provided in Paragraphs 5 and 6 above of this Protective Order, if disclosure of Confidential Information or Highly Confidential Information is requested or required (by discovery in another proceeding, subpoena, civil or regulatory investigative demand or similar process), then the person to whom such request is made (a) shall give prompt written notice of such request to the person or Party who designated such Information as Confidential or Highly Confidential (the "Designating Party"), so that the Designating Party may seek an appropriate protective order, and (b) shall reasonably cooperate with the efforts of the Designating Party to oppose production and/or maintain the confidentiality of the Confidential Information or Highly Confidential Information.

9. Any person who receives Confidential Information or Highly Confidential Information shall be subject to contempt of court and discovery sanctions (including, without limitation, an award of reasonable attorneys' fees) in the event that such person intentionally violates this Protective Order.

10. Unless otherwise agreed, each transcript of a deposition of a Producing Party shall be deemed to be Confidential and subject to the provisions of this Protective Order for a period of seven days (7) days following the date of receipt of a final copy of the transcript by counsel for the deponent (the "Receipt Date"). Confidentiality designations for depositions shall be made either on the record during the deposition or by written notice to the other party within seven (7) days of the Receipt Date; provided, however, that any Highly Confidential designations not made on the record at the deposition shall only be effective from the time such designations are made and no Party shall be deemed in violation of this Protective Order for disclosures made prior to such designation. Any such designation on the record shall be binding on the parties, without the need for further written designation. Counsel for each party shall be

responsible for marking the designated portions of copies of the transcript in their possession as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If no designation is made within seven (7) days from the Receipt Date, the transcript shall be deemed not to contain any Confidential Information or Highly Confidential Information; however, deposition exhibits will retain their original confidentiality designation unless modified under the terms of this Protective Order. In the event that Confidential Information or Highly Confidential Information is to be discussed or disclosed during a deposition, all persons in attendance at the deposition who, pursuant to this Protective Order, are not persons to whom Confidential Information or Highly Confidential Information may be disclosed shall be excluded from attendance at that portion of the deposition during which the Confidential Information or Highly Confidential Information is to be discussed or disclosed.

11.     Nothing contained in this Protective Order shall be deemed to preclude any person or Party from seeking and obtaining, on an appropriate showing, such additional or other protection with respect to the confidentiality of documents or other Discovery Material as that person or Party may consider appropriate.

12.     Nothing in this Protective Order in any manner:

(a) waives any objection to the relevancy, materiality or admissibility of any Confidential Information or Highly Confidential Information or any other information or document, or any objection to any request to produce any Confidential Information or Highly Confidential Information or any other information or document, or

(b) defines the scope of discovery or material to be produced in, or admissible at the trial of, this Action.

13. Nothing in this Protective Order shall prevent a receiving Party from contending that any or all information designated as "Confidential" or "Highly Confidential" has not been appropriately designated. Any receiving Party may request that the Designating Party remove a "Confidential" or "Highly Confidential" designation. The request shall be in writing and shall state the reasons for the request. If the Parties and/or third parties are unable to agree regarding the status of such materials, the receiving Party may bring the issue before the Court, but shall continue to treat such information as Confidential Information or Highly Confidential Information until the Court rules otherwise. The substantially prevailing party in any such Court application shall be entitled to an award of its reasonable attorneys' fees. A Party is not required to raise all objections to confidentiality designations immediately upon learning of such designations, but shall respect and abide by such designations until the Court rules that such information should be treated otherwise.

14. Failure to designate documents or information as "Confidential" or "Highly Confidential" at the time of production shall not be deemed to be a waiver in whole or in part of any prior or subsequent claim of confidentiality with respect to such or any other documents or information; provided, however, that this Protective Order shall not apply to any documents or information until they are designated as "Confidential" or "Highly Confidential."

15. If a Producing Party inadvertently discloses to a receiving Party any Confidential Information or Highly Confidential Information without designating it "Confidential" or "Highly Confidential," respectively, in accordance with the terms hereof, the Producing Party shall promptly upon discovery of such inadvertent disclosure advise the receiving Party in writing, and the receiving Party shall thereafter treat the information as Confidential Information or Highly Confidential Information under this Protective Order. To the extent that such Confidential

Information or Highly Confidential Information may have been disclosed other than in accordance with this Protective Order, the receiving Party shall reasonably cooperate with any efforts by the Producing Party to retrieve the Confidential Information or Highly Confidential Information and to preclude any further disclosure of the Confidential Information or Highly Confidential Information other than in accordance with this Protective Order.

16. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving Party shall not use such information for any purpose other than in connection with a motion to compel. The party returning such material may then move the Court for an order compelling production of the material if, in good faith, it believes that it has a basis for doing so, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, but may assert other circumstances, including without limitation prior open use of the material in the litigation without any claim of inadvertent production, to establish the fact of an intentional and knowing waiver of applicable privileges by the Producing Party. The Producing Party shall promptly submit the contested material to the Court for *in camera* review, if the Court so directs.

17. All Confidential and Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court or shall be filed in such other manner as the Court may direct so as to ensure the confidential treatment of Confidential and Highly Confidential Information. The parties will use their best efforts to minimize such filing under seal or other method to ensure confidential treatment.

18. In connection with any motion, hearing or trial before the Court, the Court may, upon request of one or more of the Parties, provide for the closing of the courtroom during the presentation of any Confidential or Highly Confidential Information disclosed in such hearing or trial.

19. Within 45 days after this Action (including all appeals) is finally concluded, unless otherwise agreed in writing by the Producing Party, each person or Party that has received Confidential Information or Highly Confidential Information shall make commercially reasonable efforts to assemble and return to the Producing Party all material designated "Confidential" or "Highly Confidential," including all copies thereof, or shall make commercially reasonable efforts to destroy such materials and the receiving Party's counsel shall provide written notice to the Producing Party (or its counsel) of the completion of such destruction. The foregoing shall not apply to any such Confidential Information or Highly Confidential Information that has been appended to any court papers or has been made an exhibit at a deposition or trial, in which case, one copy of such Confidential Information or Highly Confidential Information may remain in the recipient's files, otherwise subject to this Protective Order.

20. The term "person" as used in this Protective Order will be interpreted broadly to include, without limitation, any corporation, company, partnership or individual.

21. By entering into this Protective Order, the Parties do not waive any and all claims or defenses that may apply in the Action.

22. If any terms hereof or the application thereof to any person or circumstance shall be determined to be null and void, ineffectual, invalid or unenforceable by any competent tribunal, the remaining terms hereof and the application of such term to persons or circumstances other than to those which were determined to be invalid or unenforceable shall not be affected thereby and shall continue in full force and effect.

23. No modification, renewal, extension, or waiver of this Protective Order or any of the provisions herein shall be binding upon any Party to this Protective Order against whom enforcement of such modification, renewal, extension, or waiver is sought, unless it is made in writing and signed on its behalf by one of its duly authorized representatives or reflected in an email exchange between counsel.

24. Nothing in this Protective Order shall in any way limit any person's or Party's ability to treat or otherwise use its own Confidential Information or Highly Confidential Information.

25. The provisions of this Protective Order shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the provisions hereof.

26. The parties shall conduct themselves according to this Protective Order until signed by the Court.

27. <u>Other Proceedings</u>: By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

28.     This Protective Order may be executed in counterpart copies.

|  |  |
|---|---|
|  | Respectfully submitted, |
| POTTER ANDERSON & CORROON LLP | COOLEY MANION JONES LLP |
| By: /s/ John A. Sensing<br>David J. Baldwin (No. 1010)<br>John A. Sensing (No. 5232)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>Tel.: (302) 984-6000<br>dbaldwin@potteranderson.com<br>jsensing@potteranderson.com | By: /s/ Melissa L. Troutner<br>Jason A. Cincilla (No. 4232)<br>Amaryah K. Bocchino (No. 4879)<br>Melissa L. Troutner (No. 4627)<br>1105 N. Market Street, Suite 200<br>Wilmington, DE 19801<br>Telephone: (302) 657-2100<br>jcincilla@cmjlaw.com<br>abocchino@cmjlaw.com<br>mtroutner@cmjlaw.com |
| *Attorneys for Plaintiffs the Michael Sasoni 2007-1 Insurance Trust and the Michael Sasoni 2007-2 Insurance Trust* | *Attorneys for Defendant American General Life Insurance Company* |

Dated: April 15, 2013

SO ORDERED this 17th day of April, 2013.

CHIEF JUDGE GREGORY M. SLEET

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL SASONI 2007-1 INSURANCE TRUST, a Delaware statutory trust, and MICHAEL SASONI 2007-2 INSURANCE TRUST, a Delaware statutory trust,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 09-00979-GMS<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>) |

### CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and understand the Protective Order dated

_____, 2013 and agree to abide by its terms and conditions. I fully understand

that violation of the terms of that Protective Order by me or anyone acting under my directions

may subject me to penalties. I hereby submit to the jurisdiction of the above Court with respect

to the enforcement of this Undertaking and the Protective Order.

Dated: _____        _____
                                                                         Signature

[TO BE SIGNED AND EITHER RETURNED OR RETAINED.]