# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL SASONI 2007-1 INSURANCE TRUST, a Delaware Statutory Trust, and MICHAEL SASONI 2007-2 INSURANCE TRUST, a Delaware Statutory Trust, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 09-0979-GMS <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) **REDACTED PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' OBJECTIONS PURSUANT TO RULE 56(C)(2)
## TO AMERICAN GENERAL'S SUMMARY JUDGMENT EVIDENCE

OF COUNSEL:

John E. Failla
Elise A. Yablonski
Nathan Lander
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel:  (212) 969-3000


Public Version Dated: March 28, 2014
Originally Filed: March 21, 2014
1144623 / 35104

David J. Baldwin (No. 1010)
John A. Sensing (No. 5232)
Michael B. Rush (No. 5061)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
(302) 984-6000 - Telephone
dbaldwin@potteranderson.com
jsensing@potteranderson.com
mrush@potteranderson.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Michael Sasoni 2007-1 Insurance Trust and Michael Sasoni 2007-2 Insurance Trust*

Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, Plaintiffs the Michael Sasoni 2007-1 Insurance Trust and the Michael Sasoni 2007-2 Insurance Trust (together, the "Sasoni Trusts") hereby submit the following objections to certain evidence submitted by defendant American General Life Insurance Company ("AG") in support of its Motion for Summary Judgment [D.I. 111-114].

As demonstrated in the Sasoni Trusts' opposition to AG's summary judgment motion, AG's motion fails regardless of what evidence is considered. However, AG has submitted "evidence" that is well outside the bounds of proper, admissible evidence and should be disregarded in considering AG's summary judgment motion.

Specifically, AG relies on as "evidence": (1) unproven *allegations* AG made in a letter brief to the Court in a different case (AG App. 213-18 [D.I. 113-114]); 

As set forth below, the improper exhibits relied upon by AG should be disregarded by the Court for purposes of AG's summary judgment motion.

### ARGUMENT

Under Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *Pamintuan v. Nanticoke Mem. Hosp.*, 192 F.3d 378, 387, n.13 (3d Cir. 1999) (holding it is not proper to consider on summary judgment evidence that would be inadmissible at trial);

*Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009) ("Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment.").

When the admissibility of summary judgment evidence is challenged, "the party offering the evidence must demonstrate that it could satisfy the applicable admissibility requirements at trial before the evidence may be used on summary judgment." *Knopick v. Downey*, 2013 WL 1882983, at *4 (M.D. Pa. May 6, 2013); *Dickson v. SCI-Greensburg*, 2011 WL 5405074, at *5 (W.D. Pa. Nov. 8, 2011) ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."). The proponent must show that there is "more than a mere possibility" that the evidence will be admissible at trial. *Knopick*, 2013 WL 1882983, at *6.

## I. AMERICAN GENERAL CANNOT RELY ON ITS OWN ALLEGATIONS IN ANOTHER CASE AS ADMISSIBLE EVIDENCE

Remarkably, AG cites to *allegations* it made in another case as proof that those factual allegations are true and should be accepted as evidence in this case. Specifically, AG purports to rely on an allegation it made in a letter brief to the Court in a different case. (*See* AG App. 213-18). AG relies on this letter for the purely factual assertion that, "at one point [the GIII Origination Agreement] even contained the form insurance trust document," presenting this as an undisputed fact in this case. (AG SJ Brief [D.I. 112] at 17). AG cites no actual evidence on this point, instead relying solely on its own unproven allegation in another case.[1]

AG's reliance on an *allegation* it made (and never proved) in another case as proof that the facts it alleged are true is absurd. It would be convenient for creative lawyers and parties if

---

[1] The allegation was not only unproven, but was clearly pure speculation. (*See* AG App. 216 ["American General *believes* that the GIII Origination Agreement dated May 5, 2006 prescribes the form of insurance trust agreement to be executed by any eligible insured wishing to sell a beneficial interest to GIII." (emphasis added)]).

2

everything they alleged in one case was then automatically accepted as fact in other cases, but that is obviously not the law. Yet, that is exactly what AG is doing by citing its own unproven allegations in another action as purported proof in support of its summary judgment motion.

What's more, AG's letter brief in another case is pure hearsay. Hearsay is an out-of-court statement that is offered for the truth of the matter asserted. Fed. R. Evid. 801(c). "Inadmissible hearsay should not be considered during summary judgment." *Knopick*, 2013 WL 1882983, at *6; *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 2012 WL 2619188, at *1 (D. Del. June 26, 2012) ("It is improper for a court to consider hearsay evidence on a motion for summary judgment."). The letter brief submitted by AG is unsworn, made by an attorney having no personal knowledge of the underlying facts, and is being offered for its truth. It is, thus, inadmissible hearsay.[2]

Additionally, AG's letter brief is part of an improper strategy by AG to rely on "evidence" related to transactions other than the transaction in this case. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Aside from the fact, as discussed above, that *allegations* in one case do not establish facts in another, even actual evidence from those other cases, involving different transactions, would be inadmissible. Indeed, Courts have consistently ruled that such evidence of other, unrelated transactions is irrelevant and, thus, inadmissible. *See, e.g., Bernstein v. Principal Life Ins. Co.*, 2010 WL 4922093, at *2 (D. Del. Dec. 2, 2010); *Principal Life Ins. Co. v. Rucker*, C.A. No. 08-488-MPT (D. Del. Aug. 16, 2012)

---

[2] Although citing to its own unproven allegations in another case is the most egregious use of hearsay evidence by AG, it also cites several other exhibits in its brief that are hearsay. *See* AG App. 32, 40-41, 164. In addition to being hearsay, these documents have not been authenticated pursuant to Fed. R. Evid. 901(a), 901(b)(1) and 104(b). As such, each of these hearsay exhibits should be disregarded.

3

(transcript annexed as Ex. A); *Phoenix Life Ins. Co. v. Irwin Levinson Ins. Trust II*, 70 A.D.3d 476, 476-77 (N.Y. App. 2010) (affirming order quashing insurer's subpoenas seeking "information on similarly structured transactions" for the purpose of showing a pattern of procuring policies pursuant to similar arrangements); *Principal Life Ins. Co. v. Weiss*, Case No. 2:09-cv-00840-LDD (E.D. Pa. Jan. 25, 2010) (denying production of "information concerning other possible STOLI transactions," because such information was "tenuously relevant") (Ex. B at 2-3); *Principal Life Ins. Co. v. DeRose*, Civ. Action No. 1:08-CV-2294 (M.D. Pa. Jan. 11, 2010) (denying discovery of other policy files because "courts within this circuit and elsewhere have routinely found that discovery of other transactions . . . is not properly discoverable because of its tenuous relevance.") (Ex. C at 6, 8); *see also TRT/FTC Commc'ns, Inc. v. Ins. Co. of Pa.*, C.A. No. 91-30-JJF, 1991 U.S. Dist. LEXIS 11925, at *10 (D. Del. Aug. 6, 1991) (denying motion to compel production of insurer's files pertaining to other policyholders).[3]

For all of these reasons, AG's reliance on its own letter brief in another case (and the other hearsay documents) is wholly improper, and it should be disregarded.

## II. AMERICAN GENERAL'S LAWYER-PREPARED "KEY PLAYERS" DEMONSTRATIVE IS ALSO INADMISSIBLE

Continuing its theme of attempting to substitute its attorneys' say-so for admissible evidence, AG proffers a chart prepared by counsel that purports to identify and summarize "key players." (*See* AG App. 1). The summary purports to be based on a few pages excerpted from contracts, offhand remarks during deposition testimony and other documents taken out of context. AG makes no attempt to meet its burden of establishing that this demonstrative constitutes admissible evidence. It does not.

---

[3] For the same reason, all other purported "evidence" from AG regarding other purchases made by the GIII Accumulation Trust is likewise inadmissible.

4

Federal Rule of Evidence 1006 provides that a chart or summary is admissible "to prove the content of voluminous writings . . . that cannot be conveniently examined in court." Fed. R. Evid. 1006.[4] There is no reason that the Court cannot "conveniently examine" the key documents and testimony in this case, nor has there been any showing that the underlying documents are unusually voluminous. AG has just chosen not to submit them because they do not support its case. In contrast, the Sasoni Trusts have submitted in opposition to AG's summary judgment motion *complete* versions of the relevant transaction documents and fulsome affidavits from key witnesses which fully explain the purchase transaction between Mr. Sasoni and GIII, what parties were involved (and not involved), and who played what role. The best evidence of who were and were not parties to the transactions at issue are the agreements themselves, which are properly before the Court. There is no need or basis for the Court to consider documents prepared by AG's attorneys in lieu of the actual, admissible evidence regarding the transaction.

### III. AMERICAN GENERAL CANNOT RELY ON RESPONSES TO OBJECTIONABLE, CONFUSING QUESTIONS THAT THE WITNESS HERSELF HAS CORRECTED

AG purports to rely on several pages of deposition testimony from Althea Ashman that are rife with objectionable questions that confused the witness and resulted in inaccurate answers. (*See* AG App. 269-70, 274-75). ███████████████████████████

███████████████████████████████████████████████████████████████████████████████

---

[4] The underlying documents must also be independently admissible. *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007) ("Rule 1006 is not a back-door vehicle for the introduction of evidence which is otherwise inadmissible."). The proponent of the summary must lay a proper foundation and show that the summary is accurate. *Pritchard v. Liggett & Myers Tobacco Co.*, 295 F.2d 292, 301 (3d Cir. 1961); *Cooper Hosp. Univ. Med. Ctr. V. Seafarers Health & Benefits Plan*, 2007 WL 2793372, at *2 (D.N.J. Sept. 25, 2007). AG has not even attempted to lay the necessary foundation.

5

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These improper lines of questioning were objected to on the record and are properly excluded under Rule 403 because their prejudicial effect is outweighed by their probative value.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



\* \* \*



AG should not be permitted to rely on the objectionable, confusing and misleading line of questioning about the GIII Accumulation Trust on summary judgment because it will not be admissible at trial. Counsel for AG was on notice from the objections of Ms. Ashman's counsel that the questioning was objectionable but chose not to inquire about the nature of the objection or seek to rephrase the questions in a way that would not confuse Ms. Ashman.

IV. **THE CICCHI AFFIDAVIT IS INADMISSIBLE TO CONTRADICT HIS DEPOSITION TESTIMONY**

In the Third Circuit an affidavit submitted in connection with a summary judgment motion that conflicts with the witness's deposition testimony "'do[es] not raise a genuine issue of material fact and can properly be disregarded when the conflict is unexplained or unsupported by record evidence.'" *Ray v. Pinnacle Health Hospitals, Inc.*, 416 Fed. App'x 157, 164, n.8 (3d Cir. 2010) (unpublished); *Crawford v. George & Lynch, Inc.*, 2013 WL 6504363, at \* 7 (D. Del. Dec. 9, 2013) (same).

8



9



Mr. Cicchi offers no explanation whatsoever for his change in testimony, and his new version of events is not only unsupported by any other evidence, it is directly contradicted by testimony of each of the AG underwriters involved in accepting the Sasoni applications. Indeed, but for Mr. Cicchi's affidavit, there would be no evidence whatsoever supporting AG's motion. Accordingly, the Court should disregard the affidavit and instead credit Mr. Cicchi's deposition testimony in connection with AG's summary judgment motion.

## CONCLUSION

For the reasons set forth herein, the Sasoni Trusts' objections to the "evidence" supporting AG's summary judgment motion at pages 1, 213-14, 269-70, 274-75 and 276-89 of

AG's Appendix should be sustained, and these materials should be stricken from consideration in connection with AG's motion for summary judgment.

POTTER ANDERSON & CORROON LLP

|  |  |
|---|---|
| OF COUNSEL: | By: /s/ John A. Sensing<br>David J. Baldwin (No. 1010)<br>John A. Sensing (No. 5232) |
| John E. Failla<br>Elise A. Yablonski<br>Nathan Lander<br>PROSKAUER ROSE LLP<br>11 Times Square<br>New York, New York 10036<br>Tel: (212) 969-3000 | POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, Delaware 19801<br>(302) 984-6000 - Telephone<br>dbaldwin@potteranderson.com<br>jsensing@potteranderson.com<br>mrush@potteranderson.com |
| Public Version Dated: March 28, 2014<br>Originally Filed: March 21, 2014<br>1144623 / 35719 | *Attorneys for Plaintiffs and Counterclaim-Defendants Michael Sasoni 2007-1 Insurance Trust and Michael Sasoni 2007-2 Insurance Trust* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, John A. Sensing, hereby certify that on March 28, 2014 the attached document was electronically filed with the Clerk of the Court using CM/ECF which sent notification to the below registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

>Jason A. Cincilla
>Andrew R. Silverman
>MANION GAYNOR & MANNING LLP
>1007 North Orange Street, 10th Fl.
>Wilmington, DE 19801
>jcincilla@mgmlaw.com
>asilverman@mgmlaw.com
>
>*Attorneys for Defendant*

>/s/ John A. Sensing
>John A. Sensing (No. 5232)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>Wilmington, Delaware 19801
>(302) 984-6000 – Telephone
>jsensing@potteranderson.com
>
>*Attorneys for Plaintiffs*
>*Michael Sasoni 2007-1 Insurance Trust and*
>*Michael Sasoni 2007-2 Insurance Trust*

[1132883 / 35104]