# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL SASONI 2007-1 INSURANCE TRUST, a Delaware statutory trust, and MICHAEL SASONI 2007-2 INSURANCE TRUST, a Delaware statutory trust, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Defendant. | C.A. No. 09-cv-00979-GMS <br><br> REDACTED <br> VERSION |

## DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S OBJECTIONS PURSUANT TO RULE 56(C)(2) TO PLAINTIFFS' SUMMARY JUDGMENT EVIDENCE

| | |
|---|---|
| **Jason A. Cincilla** (No. 4232) <br> **Andrew R. Silverman** (No. 5527) <br> MANION GAYNOR & MANNING <br> 1007 North Orange Street, 10th Floor <br> Wilmington, Delaware 19801 <br> Telephone: (302) 657-2100 <br> jcincilla@mgmlaw.com <br> asilverman@mgmlaw.com | **Michael D. Mulvaney** (*pro hac vice*) <br> **David P. Donahue** (*pro hac vice*) <br> **John A. Little, Jr.** (*pro hac vice*) <br> MAYNARD, COOPER & GALE, P.C. <br> 1901 Sixth Avenue North, Suite 2400 <br> Birmingham, Alabama 35203 <br> Telephone: (205) 254-1000 <br> mmulvaney@maynardcooper.com <br> ddonahue@maynardcooper.com <br> jlittle@maynardcooper.com <br><br> *Attorneys for American General Life Insurance Company* |

Dated: March 28, 2014

02860360.1

Pursuant to Rule 56(c)(2) of the Federal Rules of Civil Procedure, Defendant American General Life Insurance Company ("American General") hereby submits the following objections to certain evidence submitted by Plaintiffs in opposition to American General's motion for summary judgment.

## INTRODUCTION

Plaintiffs futilely attempt to create a genuine dispute of material fact by relying on irrelevant, prejudicial, and otherwise inadmissible evidence in an effort to distract the court from the undisputed material facts that warrant entry of judgment in American General's favor. Because the following materials could never be admitted into evidence, the Court should disregard them when deciding American General's summary judgment motion:

- Improper changes to a deponent's testimony which exceed the permissible scope of revisions under Rule 30 and serve only to create a dispute of fact. (A. Ashman Errata Sheet, Ex. A).

- Irrelevant and prejudicial testimony and documents regarding the participation of entities, which are not party to this lawsuit, in the life settlement market. (Rush Aff. Ex. 11, 12 [D.I. 129]; Burgess Aff. ¶¶ 13-17 [D.I. 124]; Hager Aff. ¶¶ 12 [D.I. 125].

- Testimony of undisclosed fact witnesses used to support Plaintiffs' claims and defenses. (Revkin Affidavit [D.I. 128]; Heller Affidavit [D.I. 126])

These materials have no place in the summary judgment record and should be excluded accordingly.

## ARGUMENT

The Court, of course, should only look to admissible evidence when deciding a motion for summary judgment. *See Arnold Pontiac-GMC, Inc. v. Budd Baer, Inc.*, 826 F.2d 1335, 1339 n.3 (3d Cir. 1987); *see also Laymon v. Lobby House, Inc.*, 2008 WL 1733354, at *5 (D. Del. Apr. 14, 2008) (declining to consider hearsay evidence which would be inadmissible at trial). Thus,

under Rule 56(c)(2) "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Once a party has objected, "the party relying on the evidence must demonstrate that such evidence is capable of admission at trial before it can be considered by the court on summary judgment." *Knopick v. Downey*, 2013 WL 1882983, at *4 (M.D. Pa. May 6, 2013).

    A.    **Plaintiffs' Cannot Create an Issue of Fact by Re-Tailoring Sworn Deposition Testimony to Their Liking.**

In an egregious misuse of Rule 30, Plaintiffs have attempted to create an issue of fact by totally altering Althea Ashman's deposition testimony. As the Third Circuit has stated, "a party may not generate from whole cloth a genuine issue of material fact (or eliminate the same) simply by re-tailoring sworn deposition testimony to his or her satisfaction." *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 267-68 (3d Cir. 2010). In its discretion, a court may refuse to consider "proposed substantive changes that materially contradict prior deposition testimony" when deciding a motion for summary judgment. *Id.* at 268. Pursuant to this authority, American General objects to the Court's consideration of the substantive revisions to Ashman's testimony because Plaintiffs have wholly failed to provide a sufficient justification for these changes.

A few examples of the material modifications to Ashman's testimony demonstrate that Plaintiffs' explanation of "[Redacted]" and "[Redacted]" do not warrant consideration of this testimony.

Ashman testified:

[Redacted]



Ashman Tr. at 38:8-15; 39:18-22; 63:7-11. (emphasis added); *see also* Ex. A.

Plaintiffs attempt to justify these changes to the evidence by stating that [Redacted] [Redacted] [Redacted]. (D.I. 122 at 6; *see also* Ex. A). This whole rationale, however, makes no sense because [Redacted] [Redacted]. Ashman Tr. at 38. Then, after an immediate follow-up question, she explained [Redacted] In light of this testimony, Plaintiffs' lawyers had to reinvent Ashman's testimony simply to support their later justification for changing other portions of the

transcript. Aside from being fallaciously circular, this kind of gamesmanship makes a mockery of the discovery process.

Furthermore, Plaintiffs cannot seriously contend that they informed American General's counsel that Ashman did not understand the questions by offering a generic objection on the record. ████████████ Redacted ████████████ ████████████████████████ Had American General's counsel stopped each time to learn the foundation for these endless objections, the deposition would have come to a grinding halt. ██████ Redacted ██████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████.

Blatantly changing substantive responses from "Yes" to "No" is precisely the kind of "re-tailoring" that the court condemned in *EBC, Inc.* As the Third Circuit aptly reasoned, "[p]reservation of the original testimony for impeachment at trial serves as cold comfort to the party that should have prevailed at summary judgment." *EBC, Inc.*, 618 F.3d at 268. Redacted ████████████████████████████████████████
████████████████████████████████████████.

B. **Evidence Regarding a Non-Party's Participation in the Secondary Life Settlement Market Is Irrelevant and Highly Prejudicial.**

American General objects to Rush Affidavit Exhibits 11 and 12 [D.I. 129]; Burgess Affidavit ¶¶ 13-17 [D.I. 124], and Hager Affidavit ¶ 12 [D.I. 125] (collectively the "Reda ████ ") on the grounds that this evidence is irrelevant and prejudicial. *See* Federal Rules of

Evidence 401, 402, and 403. Accordingly, the Court should disregard the [Redacted] in its entirety when considering American General's motion for summary judgment.

The [Redacted] addresses the practices of life settlement provider [Redacted] and the participation of non-party [Redacted] in the life settlement market. It should be self-evident that these materials have no tendency whatsoever to show that the Sasoni life insurance policies are supported by an insurable interest. *See* FRE 401. Neither [Redacted]'s business practices, nor the fact that non-party [Redacted] held interests in life insurance policies could ever bear on whether policies insuring the life of Michael Sasoni have a valid insurable interest under Delaware law. Nothing a non-party [Redacted] did (or did not do) affects whether an insurable interest exists or could ever waive the absence of insurable interest. Admitting this evidence would serve absolutely no purpose but to confuse the issues, mislead the jury, and be highly prejudicial to American General. This Court, therefore, should totally disregard this prejudicial, irrelevant evidence.

Similarly, the [Redacted] has no connection to the materiality of misrepresentations made in Sasoni's life insurance applications. Plaintiffs have no testimony which establishes that the [Redacted] affected American General's underwriters' risk assessment of the Sasoni applications. Admitting this irrelevant evidence, therefore, would only serve to prejudice American General by confusing the jury about whose conduct is at issue in this lawsuit. Because Plaintiffs will never be able to establish that this evidence is admissible, the Court should not consider it on American General's motion for summary judgment.

### C. Testimony From Undisclosed Fact Witnesses Must Be Excluded.

American General objects to the Revkin Affidavit [D.I. 128] and the Heller Affidavit [D.I. 126] because Plaintiffs failed to disclose these witnesses to American General in their Rule 26(a) disclosures. Federal Rule of Civil Procedure 37 states unambiguously:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). When deciding whether the failure to disclose a witness was substantially justified the Third Circuit has stated that the Court should consider:

> (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence.

*Crawford v. George & Lynch, Inc.*, 2013 WL 6504363, at *2 (D. Del. Dec. 9, 2013) (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)). These factors weigh heavily in favor of excluding testimony from these undisclosed witnesses.

Plaintiffs rely on the affidavits of Heller and Revkin to [Redacted]. As American General has shown in its briefing, [Redacted]. [D.I. 112]. Despite Plaintiffs' knowledge of the important role of Park Venture Advisors in facilitating the creation of the Insurance Trusts, Plaintiffs failed to disclose either Heller or Revkin as potential witnesses under Rule 26(a).

Offering additional information and witnesses regarding one of the prominent players in this case after the close of discovery severely prejudices American General. Had Plaintiffs disclosed these witnesses, as required by the rules, American General would have deposed both Revkin and Heller to [Redacted] [Redacted]. (*See* Heller Aff. at ¶ 9). Reopening discovery, however, at this late stage to cure this prejudice would be highly disruptive to the scheduled trial setting. Even if counsel and witnesses could find a date to complete these depositions, it would be all but impossible to file supplementary summary judgment papers and allow the Court sufficient time to rule on the revised summary judgment briefing prior to the scheduled trial date.

Because of the inherent difficulties created by eleventh hour disclosure of new fact witnesses, courts have recognized that it not only "disrupt[s] the orderly and efficient resolution" of a case but that it also is clearly prejudicial. *See Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 472 (D. Del. 2003). No valid excuse exists for Plaintiffs' failure to disclose the identity of these witnesses given Plaintiffs' counsel extensive experience litigating other matters involving the [Redacted]. Intentionally withholding the identity and contact information for these witnesses from American General served no other purpose than to surprise American General and prejudice its case. Admission of testimony from Heller and Revkin, therefore, would run afoul of Rule 37 and the Court should not consider this evidence on American General's motion for summary judgment.[1]

---

[1] If the Court admits this evidence, American General respectfully requests that discovery be reopened for the limited purpose of taking Revkin's and Heller's depositions.

## CONCLUSION

For the foregoing reasons, American General respectfully submits that Rush Affidavit Exs. 11 and 12 [D.I. 129], Burgess Affidavit ¶¶ 13-17 [D.I. 124]; Hager Affidavit ¶ 12 [D.I. 125]; Revkin Affidavit [D.I. 128]; Heller Affidavit [D.I. 126]; and Althea Ashman's revised deposition testimony (A. Ashman Errata Sheet, Ex. A) should not be considered on American General's motion for summary judgment.

Respectfully submitted,

MANION GAYNOR & MANNING LLP

By: _____
Jason A. Cincilla (No. 4232)
Andrew R. Silverman (No. 5527)
1007 North Orange Street, 10th Floor
Wilmington, Delaware  19801
(302) 657-2100
jcincilla@mgmlaw.com
asilverman@mgmlaw.com
Attorneys for Defendant
American General Life Insurance Company

OF COUNSEL:

MAYNARD COOPER & GALE, PC
Michael D. Mulvaney
David P. Donahue
John A. Little, Jr.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served via CM/ECF and e-mail to the following counsel of record:

POTTER ANDERSON & CAROON LLP
David J. Baldwin (No. 1010)
John A. Sensing (No. 5232)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware  19801
(302) 984-6017
dbaldwin@potteranderson.com
jsensing@potteranderson.com
　Attorneys for Plaintiffs

PROSKAUER ROSE LLP
John E. Failla
Elise A. Yablonski
Nathan Lander
11 Times Square
New York, New York  10036
(212) 969-3000

_____
Andrew R. Silverman
Attorney for Defendant American General
Life Insurance Company