## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL SASONI 2007-1 INSURANCE TRUST, a Delaware statutory trust, and MICHAEL SASONI 2007-2 INSURANCE TRUST, a Delaware statutory trust, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 09-cv-00979-GMS |
| v. | ) ) | REDACTED VERSION |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' RULE 56(C)(2) OBJECTIONS

REDACTED VERSION

**Jason A. Cincilla** (No. 4232)
**Andrew R. Silverman** (No. 5527)
MANION GAYNOR & MANNING
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone: (302) 657-2100
jcincilla@mgmlaw.com
asilverman@mgmlaw.com

**Michael D. Mulvaney** (*pro hac vice*)
**David P. Donahue** (*pro hac vice*)
**John A. Little, Jr.** (*pro hac vice*)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, Alabama 35203
Telephone: (205) 254-1000
mmulvaney@maynardcooper.com
ddonahue@maynardcooper.com
jlittle@maynardcooper.com

*Attorneys for American General
Life Insurance Company*

Dated: April 14, 2014

Defendant American General Life Insurance Company ("American General") hereby submits the following response in opposition to Plaintiffs' objections pursuant to Rule 56(c)(2) to American General's summary judgment evidence. [D.I. 122].

## ARGUMENT

The standard for excluding evidence from the summary judgment record differs from the standard for admissibility of evidence at trial. Unlike trial evidence, evidence used to support a motion for summary judgment may be presented in a form which would be inadmissible at trial so long as the content of the evidence is admissible. *See Knopick v. Downey*, 2013 WL 1882983, at *4 (M.D. Pa. May 6, 2013). Courts have also recognized that evidence on summary judgment should not be excluded on "hypertechnical grounds." *Fowle v. C & C Cola, a Div. of ITT-Cont'l Baking Co.*, 868 F.2d 59, 67 (3d Cir. 1989). Thus, hearsay statements and unauthenticated documents may be considered so long as this evidence could be admitted at trial. *See Gen. Refractories Co. v. First State Ins. Co.*, 2012 WL 1285901, at *2 (E.D. Pa. Apr. 13, 2012); *Dickson v. SCI-Greensburg*, 2011 WL 5405074, at *4 (W.D. Pa. Nov. 8, 2011). Given this standard, all of Plaintiffs' objections to American General's summary judgment evidence should be overruled.

### A. Cicchi's Affidavit Does Not Contradict His Deposition Testimony.

No portion of Cicchi's deposition transcript supports Plaintiffs' baseless claim that Cicchi's affidavit in support of American General's motion for summary judgment conflicts with his earlier testimony. In fact, Cicchi's affidavit discusses a topic— Redacted —that Plaintiffs' lawyers never even covered during their deposition questioning. Redacted

███████ Redacted ███████.   Plaintiffs, therefore, cannot reasonably contend that Cicchi

provided inconsistent testimony on a subject that was never even broached during his deposition.

The testimony Plaintiffs hold up as "inconsistent" actually concerns Cicchi's definition of the

term " ███ Redacted ███ "   But how Cicchi defines " ███ Redacted ███ " is an entirely different

inquiry than ██████████████ Redacted ██████████████

████████████████████████████.   And, like all of the

witnesses who have testified on this issue, the definition of " ███ Redacted ███ " is not broad

enough to include a plan by third parties to procure a policy of insurance on someone's life for

speculative purposes.

Furthermore, acknowledging that ███ Redacted ███ has a broad meaning in no way

undermines Cicchi's later testimony t███████ Redacted ███████

██████████████.   There is nothing incompatible with Cicchi testifying that

" ██████████ Redacted ██████████ , (Cicchi

Tr. at 124), and then stating in his affidavit ██████ Redacted ██████

████████████████████████████

█████.   (AG App. at 277).   Because Cicchi's affidavit does not contradict his prior deposition

testimony, no grounds exist to exclude it.   *See Jiminez v. All Am. Rathskeller, Inc.,* 503 F.3d 247,

253 (3d Cir. 2007) (noting that sham affidavit doctrine applies when the testimony is

contradictory).

Independent evidence in the record also corroborates the substance of Cicchi's affidavit.

*See Baer v. Chase*, 392 F.3d 609, 625-26 (3d Cir. 2004) (noting that corroborating evidence

alleviates concerns that an affidavit is merely being used to avoid summary judgment).   In the

affidavit, Cicchi stated that " ██████████ Redacted ██████████

Redacted — Redacted

Redacted."

(AG App. at 277). American General's June 2005 position statement that it would not "Redacte

" verifies this testimony. (*See* AG

App. at 2). Given that Cicchi's affidavit does not contradict his deposition testimony and is

consistent with other record evidence, it should be considered as part of the summary judgment

record.

### B.        The Court Should Disregard Ashman's Deposition "Corrections."

As American General has established in its own objections to Plaintiffs' summary

judgment evidence, [D.I. 132], Plaintiffs have impermissibly attempted to create an issue of fact

by completely rewriting Ashman's deposition testimony. They contend in their objections that

Ashman was asked "improper" questions so the Court supposedly must exclude Ashman's

testimony.[1] [D.I. 122 at 6]. However, there was nothing improper or confusing about the

questions. Questions like, "Redacted?" and "Redac

," Ashman Tr. at 38., obviously are

not prohibited or inherently confusing. These questions were actually designed to Redac

.[2] Plaintiffs, however, should

---

[1] Redacted

[2] Redacted

:

3

not be permitted to retailor her testimony in a transparent effort to create an issue of fact.  *See*

*EBC, Inc. v. Clark Bldg. Sys.*, Inc., 618 F.3d 253, 267-68 (3d Cir. 2010).

Comparing Ashman's original testimony with the "corrected" testimony proves that it is

Plaintiffs' rewrite that should be disregarded on summary judgment—not American General's

citation to Ashman's original transcript.  For example:

Q.  ███████████████ Redacted ███████████████

███████████

█  ████████████████

█  █████████████████████████████

█  ███████████████████████████████████

██████████

█  ████████████████████████████

█  █████████████████████████████████████████

███████████████████████████████████████████████

██████████

(Ashman Tr. 38:8-15).

\* \* \*

Q. █████████████████████ Redacted █████████████████████

████

██████████

███████████████████

A. ███ Reda

Ashman Tr. at 8, D.I. 122 Ex. D



(Ashman Tr. 39:18-22)

\* \* \*

(Ashman Tr. 44-45, AG App. 274-75).

While Plaintiffs pronounce that Ashman's original transcript will not be admissible at trial and should not be considered on summary judgment, they offer no legal support for this position. Third Circuit precedent actually shows that the opposite is true. The court has said that

> Where proposed changes squarely contradict earlier testimony materially bearing on the case, preserving the original testimony or reopening the deposition may often prove to be insufficient remedies. . . . We therefore hold that when reviewing a motion for summary judgment, a district court does not abuse its discretion under Rule 30(e) ***when it refuses to consider proposed substantive changes that materially contradict prior deposition testimony*** . . . .

*EBC, Inc.*, 618 F.3d at 267-68; *see also* D.I. 132.  Accordingly, Ashman's errata sheet should be excluded—not her original testimony.

### C.    American General's Allegedly "Hearsay" Evidence Is Admissible.

Plaintiffs also object to the admissibility of various letters Sasoni received from Wechsler Financial on the ground that these letters have not been authenticated and constitute hearsay.[3] (AG App. at 32, 40-41 & 164).  Neither objection withstands scrutiny, however, and American General will easily be able to establish the admissibility of this evidence at trial.  The numerous distinctive characteristics of these letters establish their authenticity, *see* Fed. R. Evid. 901(b)(4), and multiple hearsay exceptions apply.

Under Fed. R. Evid. 901(b)(4), a document may be authenticated based on its distinctive characteristics and the surrounding circumstances.  Letters on corporate letterhead, like Wechsler Financial's letters to Sasoni, have a strong indicia of authenticity.  *See, e.g.*, *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991).  The contents of the letters also confirm that the letters are authentic in light of the surrounding evidence in this case.  The letters contain specific information regarding Sasoni's personal physician, the names of the various trusts, and lists of documents that had to be signed in order to sell the beneficial interest in the Policies to the GIII Accumulation Trust.  The dates and information contained in the letters coincides with other evidence regarding the timing of Sasoni's creation of the trusts and the sale of beneficial interests in the Policies.  Taken together, these facts establish the authenticity of these letters. *See United States v. Eisenberg*, 807 F.2d 1446, 1453 (8th Cir. 1986) (recognizing that letters may be authenticated based on circumstantial evidence).

The letters also fall within an exception to the hearsay rule.  Under Fed. R. Evid. 803(6), a business record may be admitted over a hearsay objection when a witness testifies "(1) that the declarant in the records had knowledge to make accurate statements; (2) that the declarant

---

[3]  Plaintiffs buried their objection to this evidence in a footnote.  [*See* D.I. 122 at 3 n.2.] American General doubts this adequately preserves this objection, but it is meritless in any event.

recorded statements contemporaneously with the actions which were the subject of the reports; (3) that the declarant made the record in the regular course of the business activity; and (4) that such records were regularly kept by the business." *United States v. Console*, 13 F.3d 641, 657 (3d Cir. 1993) (citations omitted). All of these elements are met here. Prongs three and four of this analysis are satisfied given that the letters were issued in the regular course of Wechsler Financial's business. *See NJ Dep't of Labor & Workforce Dev. v. Bartoline*, 2013 WL 2473107, at *6 (Bankr. D.N.J. June 7, 2013). The statements in the letters were also made contemporaneously with their creation, and the declarant, as the author of the letters, had knowledge to make accurate statements. American General, therefore, will have no difficulty establishing the admissibility of these records at trial.

Furthermore, the residual exception to the hearsay rule also applies. Courts have employed the residual exception where the hearsay "statements are trustworthy, highly material, and the only documentary evidence before the Court concerning the activity." *In re New Jersey Mobile Dental Practice, P.A.*, 2012 WL 3018052, at *8 (Bankr. D.N.J. July 24, 2012). The statements in the letters meet each of these requirements. No other documentary evidence regarding Wechsler Financial's instructions to Sasoni regarding the creation of the trusts exists. These statements are highly probative of both the circumstances surrounding the funding of the trusts, and the subsequent sale of the Policies to the GIII Accumulation Trust. The letters also have a variety of circumstantial guarantees of their trustworthiness given that Wechsler Financial had no reason to convey inaccurate instructions to Sasoni in the letters. *See Steinberg v. Obstetrics-Gynecological & Infertility Grp.*, P.C., 260 F. Supp. 2d 492, 496 (D. Conn. 2003). Accordingly, the Court should overrule Plaintiffs' hearsay and authenticity objections to this evidence.

### D.      Other Similar Acts Are Admissible to Prove A Common Scheme or Plan.

Plaintiffs' citation to various rulings on the relevance or burdensomeness of specific discovery requests does not change the fact that evidence of other similar acts is admissible to prove a common scheme or plan under Fed. R. Rule 404(b).  *See Meyer Chatfield Corp. v. Century Bus. Servs., Inc.*, 2010 WL 3221944 (E.D. Pa. Aug. 12, 2010).  Evidence from other cases involving similar parties and similar transactions is not only admissible, but it is also probative of the existence and characteristics of the STOLI scheme used in this case.  One indicator of the absence of an insurable interest in the Sasoni Policies is that they were procured as part of a broader scheme to wager on human lives.  Citing other highly suspect transactions involving the GIII Accumulation Trust shows that Sasoni's Policies were not procured in good faith and later sold in a bona fide transaction.  Instead, the transactions were simply part of a broader scheme to evade insurable interest requirements and wager on human lives.

The cases Plaintiffs cite to challenge American General's reference to other similar STOLI transactions have no bearing here because most of these cases concern a court's discovery ruling on a finite discovery request.  Similarly, decisions from other jurisdictions holding that evidence from other transactions is not relevant to prove the intent of the insured are distinguishable because American General is not offering this evidence for this purpose.  *See, e.g.*, *Phoenix Life Ins. Co. v. Irwin Levinson Ins. Trust II*, 895 N.Y.S.2d 366 (2010).  Likewise, cases which stand for the unremarkable proposition that information in an insurance company's files regarding other policies is not relevant do not matter here.  [*See, e.g.*, D.I. 122, Ex. C.]

American General is not attempting to establish Sasoni's intent or prove whether another policy in another case is valid.  Instead, it is simply asking the Court to exercise common-sense,

look at the other cases on its docket, and acknowledge the existence of a common STOLI scheme and the key players in this scheme.

### E.    The Key Players Chart Is Admissible As Demonstrative Evidence.

Finally, Plaintiffs challenge the admissibility of American General's "Key Players" exhibit under Fed. R. Evid. 1006.  Regardless of the exhibit's admissibility under Rule 1006,[4] however, the chart is admissible under Fed. R. Evid. 611(a).  "Summary charts admitted under Rule 611(a) may be used to highlight evidence favorable to a party's case if they are linked to evidence already admitted." *United States v. Washington*, 543 F. App'x 171, 177 (3d Cir. 2013). And, "there is no requirement that demonstrative charts be based on voluminous documents." *United States v. Bertoli*, 854 F. Supp. 975, 1056 n.147 (D.N.J. 1994) *aff'd in part, vacated in part*, 40 F.3d 1384 (3d Cir. 1994).  These types of exhibits may also reflect "the inferences and conclusions drawn from the underlying evidence by the summary's proponent." *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998).

American General's chart is exactly the kind of demonstrative aid permitted under this rule.  The chart is nothing more than a summary of the very same material in Section III.C. of its statement of facts, which contains numerous citations to the record evidence.  [*See* D.I. 112.] The chart itself even contains references to the record.  *See* AG App. at 1.  Given that the chart is based entirely on the record evidence, there is nothing objectionable about including a summary and utilizing an illustrative aid to organize evidence in the record.  The Court, therefore, should overrule Plaintiffs' objection to this exhibit.

---

[4] Evidence admitted under Rule 1006 is substantive evidence.  Because American General provided the chart as a demonstrative device to summarize other evidence in the record, the chart should be analyzed under Rule 611(a)—not Rule 1006.

## CONCLUSION

For the foregoing reasons, American General respectfully submits that Plaintiffs'
objections to its summary judgment evidence should be overruled.

Respectfully submitted,

MANION GAYNOR & MANNING LLP

/s/ *Andrew R. Silverman*
Jason A. Cincilla (No. 4232)
Andrew R. Silverman (No. 5527)
1007 North Orange Street, 10th Floor
Wilmington, Delaware  19801
(302) 657-2100
jcincilla@mgmlaw.com
asilverman@mgmlaw.com
Attorneys for Defendant
American General Life Insurance Company

OF COUNSEL:

MAYNARD COOPER & GALE, PC
Michael D. Mulvaney
David P. Donahue
John A. Little, Jr.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that the following document was served via CM/ECF to the following

counsel of record:


POTTER ANDERSON & CAROON LLP
David J. Baldwin (No. 1010)
John A. Sensing (No. 5232)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware  19801
(302) 984-6017
dbaldwin@potteranderson.com
jsensing@potteranderson.com
  Attorneys for Plaintiffs


PROSKAUER ROSE LLP
John E. Failla
Elise A. Yablonski
Nathan Lander
11 Times Square
New York, New York  10036
(212) 969-3000


/s/ *Andrew R. Silverman*
Andrew Silverman
*Attorney for Defendant American General*
*Life Insurance Company*

11