**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL SASONI 2007-1 INSURANCE TRUST, a Delaware Statutory Trust, and MICHAEL SASONI 2007-2 INSURANCE TRUST, a Delaware Statutory Trust, | ) | C.A. No. 09-0979-GMS |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
| v. | ) | **REDACTED PUBLIC VERSION** |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**RESPONSE TO AMERICAN GENERAL'S OBJECTIONS TO**
**THE SASONI TRUSTS' SUMMARY JUDGMENT EVIDENCE**

POTTER ANDERSON & CORROON LLP
David J. Baldwin (No. 1010)
John A. Sensing (No. 5232)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel.: (302) 984-6017
dbaldwin@potteranderson.com
jsensing@potteranderson.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Michael Sasoni 2007-1 Insurance Trust and Michael Sasoni 2007-2 Insurance Trust*

OF COUNSEL:

John E. Failla
Elise A. Yablonski
Nathan Lander
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000

Public Version Dated: April 21, 2014
Originally Filed: April 14, 2014


**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..... ii

I. THE SASONI TRUSTS HAVE NOT OFFERED THE ASHMAN DEPOSITION CORRECTIONS AS EVIDENCE IN OPPOSITION TO AG'S MOTION FOR SUMMARY JUDGMENT ..... 1

II. THE PROFFERED EVIDENCE OF AIG'S PARTICIPATION IN THE SECONDARY MARKET FOR INSURANCE POLICIES IS RELEVANT AND ADMISSIBLE ..... 2

III. THE TESTIMONY OF HELLER AND REVKIN IS ADMISSIBLE ..... 5

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American General Life Ins. Co. v. Stanley Mann*,
Case No. 09-cv-00434-GMS (D. Del.) .......... 8

*Archway Ins. Servs. v. James River Ins. Co.*,
507 Fed. App'x 270 (2012) .......... 6

*Crawford v. George & Lynch, Inc.*,
2013 WL 6504363 (D. Del. Dec. 9, 2013) .......... 6, 7

*Jones v. Judge Tech. Servs., Inc.*,
2013 WL 5777159 (E.D. Pa. Oct. 25, 2013) .......... 7

*Konstantopolous v. Westvaco Corp.*,
112 F.3d 710 (3d Cir. 1997) .......... 7

*Laboratory Skin Care, Inc. v. Limited Brands, Inc.*,
661 F. Supp. 2d 473 (D. Del. 2009) .......... 6-7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(a)(1)(A)(i) .......... 6

Fed R. Civ. P. 26(e)(1)(A) .......... 6

Fed. R. Evid. 401 .......... 2

Fed. R. Evid. 402 .......... 2

Fed. R. Evid. 403 .......... 2

Plaintiffs the Michael Sasoni 2007-1 Insurance Trust and the Michael Sasoni 2007-2 Insurance Trust (together, the "Sasoni Trusts") hereby submit this response in opposition to the objections by defendant American General Life Insurance Company ("AG") to certain evidence submitted by the Sasoni Trusts in opposition to AG's motion for summary judgment ("AG Objs.") [D.I. 132].

AG raises three objections to the Sasoni Trusts' opposition evidence: 1) they object to the deposition corrections of Althea Ashman, which have not even been offered as summary judgment evidence; 2) they object that evidence [REDACTED] should be excluded as irrelevant and prejudicial; and 3) they complain that two former Park Venture employees, whose identities and roles have long been known to AG, should be precluded from testifying. For the reasons set forth below, AG's objections are entirely meritless and should be denied.

## I. THE SASONI TRUSTS HAVE NOT OFFERED THE ASHMAN DEPOSITION CORRECTIONS AS EVIDENCE IN OPPOSITION TO AG'S MOTION FOR SUMMARY JUDGMENT

AG complains that the Sasoni Trusts are "attempt[ing] to create an issue of fact" with the errata sheet to the deposition transcript of Althea Ashman. (AG Obj. at 2, 3-5). AG is confused.

The Sasoni Trusts did not offer the testimony of Althea Ashman in opposition to AG's summary judgment motion. Neither her testimony nor her errata sheet is attached as an exhibit to the Sasoni Trusts' summary judgment brief. Accordingly, AG's objection is meritless and should be denied in its entirety.

Instead, along with explaining that the (uncorrected) testimony of Ms. Ashman relied upon by AG does not meet AG's heavy burden of proof, the Sasoni Trusts simply objected to the use of her uncorrected testimony, and cited the Court to Ms. Ashman's errata sheet to explain

why AG's use of the uncorrected testimony was misleading [D.I. 122 at 5-8]. Whether it was proper for AG to rely on Ms. Ashman's uncorrected testimony is a subject that will be resolved in the briefing on the Sasoni Trusts' objections to AG's summary judgment evidence [D.I. 122]. Because the Sasoni Trusts have not relied on Ms. Ashman's testimony in opposition to AG's summary judgment motion, AG's objection is entirely misplaced and should be denied.

## II. THE PROFFERED EVIDENCE OF AIG'S PARTICIPATION IN THE SECONDARY MARKET FOR INSURANCE POLICIES IS RELEVANT AND ADMISSIBLE

AG complains that the Sasoni Trusts' proffered evidence that AG's parent company, AIG [REDACTED] should be excluded as "irrelevant and prejudicial" under Federal Rules of Evidence 401, 402 and 403. As set forth below, this evidence is plainly relevant, and not unfairly prejudicial.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible. Fed. R. Evid. 402. The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of "unfair prejudice." Fed. R. Evid. 403.

AG seeks summary judgment on its claim that the Sasoni policies lack an insurable interest, arguing that they were procured as part of an "absolute scam" run by the GIII Accumulation Trust ("GIII"). AG attempts to demonize GIII as a stranger investor that violated the insurable interest laws by wagering on human life. In support of its position that the purchase transaction between GIII and Sasoni was an unlawful prearranged agreement to transfer, AG relies entirely upon circumstantial evidence – [REDACTED]

[redacted] and argues that the presence of these factors makes it more likely than not that the transaction at issue was an unlawful prearrangement as opposed to a legitimate transaction between Sasoni and GIII [redacted]

In response, the Sasoni Trusts argue that AG's own parent company, AIG,[1] [redacted] The Sasoni Trusts rely on [redacted] a published news report that AIG owned 5,673 life insurance policies with $17.7 billion in face value as of the end of 2012 (Rush Aff. [D.I. 123] Ex. 11); [redacted]

AG argues that "it should be self-evident" that these materials are irrelevant because they don't specifically relate to the Sasoni policies. But this evidence is directly relevant to, and substantially undercuts, AG's position that the transaction between Sasoni and GIII was an "absolute scam" and an unlawful prearranged agreement. [redacted]

[1] To the extent AG attempts to distance itself from AIG, that effort should be soundly rejected. A search for "American General Life Insurance Company" is redirected to the AIG web site, where a page dedicated to American General proudly boasts "We are AIG." *See* www.aig.com/about-us_3789_490595.html.

[redacted]

This evidence is also relevant to rebut AG's argument that the "financial planning" response to the question "reason for insurance" was a material misrepresentation. AG's contention that "financial planning" is a misrepresentation of an insured's "reason for insurance" if the insured intends to resell the policy, rests entirely on the mistaken contention that buying a policy for the purpose of resale is so irregular that it cannot reasonably be included under the broad term "financial planning." However, the fact that AIG purchased $18 billion in policies from elderly insureds is highly probative evidence that buying and reselling policies in the secondary market was a very common practice at the time (and one of which the AIG was highly familiar with) and thus fits squarely within the broad umbrella of the term "financial planning," which generally describes all of a person's financial activities.

Similarly, AIG's practices in buying billions of dollars in policies on the secondary market is directly relevant to AG's claim that the alleged misrepresentation was material to its decision to issue the Sasoni policies. [redacted]

[redacted]

AG also argues that the AIG evidence will confuse the jury "about whose conduct is at issue." But AG fails to explain why it thinks the jury will be unable to understand these straightforward, powerful points. The AIG evidence is very limited in scope: [redacted] and a published news report establishing the fact of, and size of, AIG's holdings, [redacted] The jury should have no difficulty understanding the information presented, and its significance.[2]

## III. THE TESTIMONY OF HELLER AND REVKIN IS ADMISSIBLE

AG complains that the Sasoni Trusts should be precluded from relying on the testimony of Grant Heller and Casey Revkin, who submitted affidavits in opposition to AG's summary judgment motion. They contend that these witnesses were not disclosed in the Sasoni Trusts' initial disclosures, and that the Sasoni Trusts failed to supplement their disclosures to include them. AG's argument should be rejected because 1) AG has long known about these witnesses, 2) the Sasoni Trusts promptly disclosed their anticipated testimony as soon as the need for it arose, and 3) AG has not been prejudiced.

Rule 26(a) requires service of initial disclosures that identify "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or

---

[2] Although not at issue on summary judgment, at trial, the AIG evidence will also be relevant to the Sasoni Trusts' claim that AG has engaged in bad faith litigation conduct by pursuing its challenge to the Sasoni policies despite knowing that it had no legitimate basis for doing so.

defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). A party is obligated to supplement its initial disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ." Fed R. Civ. P. 26(e)(1)(A).

A witness's existence or knowledge can "otherwise be made known" through the discovery process or the parties' written submissions. *Archway Ins. Servs. v. James River Ins. Co.*, 507 Fed. App'x 270, 274 (2012) (unpublished) (failure to supplement disclosures to identify witness harmless where witness was identified in pretrial memorandum served more than 30 days before trial); *Crawford v. George & Lynch, Inc.*, 2013 WL 6504363, at *2-*3 (D. Del. Dec. 9, 2013) (failure to disclose documents harmless where the documents were consistent with other evidence in the record); 1993 Advisory Committee Note (noting there is no obligation to supplement where corrective information "has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition").

Breaches of the duty to supplement pursuant to Rule 26(e) are addressed by Rule 37(c)(1), which provides that the party who failed to make a required disclosure "is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a failure to disclose is harmless, courts consider 1) the importance of the information withheld; 2) the prejudice or surprise to the party against whom the evidence is offered; 3) the likelihood of disruption of the trial; 4) the possibility of curing the prejudice; 5) the explanation for the failure to disclose; and 6) the presence of bad faith or willfulness. *Crawford,* 2013 WL 6504363, at *2; *Laboratory Skin Care, Inc. v. Limited Brands,*

*Inc.*, 661 F. Supp. 2d 473, 477 (D. Del. 2009) (citing *Konstantopolous v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)).

Any prejudice resulting from the failure to disclose the identity of a witness is curable by making the witness available for deposition prior to trial. *Jones v. Judge Tech. Servs., Inc.*, 2013 WL 5777159, at *4 (E.D. Pa. Oct. 25, 2013). The exclusion of evidence is an "extreme" sanction that should not be imposed absent a showing of willful deception or flagrant disregard of a court order. *Konstantopolous*, 112 F.3d at 719; *Crawford*, 2013 WL 6504363, at *2. Applying these standards, there is no basis for excluding the testimony of Heller and Revkin.

The parties exchanged their initial disclosures on April 3, 2013, before any discovery had taken place. [D.I. 39, 40] During the original 8-month discovery period, the identities and roles of Heller and Revkin were fully disclosed. [redacted]

[redacted].[3] AG simply chose not to seek their depositions.

In December 2013, just prior to the original December 13, 2013 close of discovery, AG requested additional time to complete discovery because it had "significant difficulties in obtaining certain non-party discovery." [D.I. 102 at ¶ 3] AG requested an extension of the discovery period to January 31, 2014 to conduct the depositions of Frank Sarrapochiello, Althea Ashman, Renee O'Keefe and Erin Ardleigh, all low-level employees of their organizations. [D.I. 102 at ¶ 1(a)-(d)] AG additionally requested leave to designate additional witnesses by December 17, 2013, in the event new witnesses were identified during the deposition of Michael Sasoni. [D.I. 102 at ¶ 1(f)] The Sasoni Trusts consented to AG's request, which the Court granted. [D.I. 102]

During January 2014, AG took the depositions of Sarrapochiello and Ashman, who were two low-level Park Venture employees.[4] [redacted] AG still made no request for their depositions.

AG complains that Heller and Revkin should be precluded from testifying in this case because they were not disclosed in the Trusts' initial disclosures. However, the issues they

---

3 In fact, the substance of Heller's testimony was well known to AG and its counsel even before this case began. AG – represented by the same lawyers here – deposed Heller in November 2011 in another case, *American General Life Ins. Co. v. Stanley Mann*, Case No. 09-cv-00434-GMS (D. Del.). Heller appeared on both sides' witness lists for trial in that case. *See* Case No. 09-cv-00434-GMS, D.I. 189-1.

4 AG did not designate any additional witnesses for deposition after Mr. Sasoni's deposition, and it voluntarily released Ms. O'Keefe from her subpoena without taking her deposition. AG failed to serve a subpoena on Ms. Ardleigh, so her deposition was not taken.

addressed in their affidavits in opposition to AG's summary judgment motion were not raised until AG's summary judgment brief.

[redacted]

[redacted]

The Heller and Revkin affidavits were served on March 21, 2014, just two weeks after the need for their testimony arose, and more than four months in advance of trial. The Sasoni Trusts additionally served Amended Initial Disclosures on April 14, 2014, naming Heller and Revkin as witnesses with relevant knowledge.[5]

AG has never requested the depositions of Heller or Revkin. To the contrary, AG made a tactical choice to depose low-level Park Venture employees instead, in an effort to obtain testimony from uninformed witnesses whose testimony could then be manipulated to support AG's theories. AG apparently chose not to seek the depositions of Heller or Revkin because they anticipated (correctly) that their testimony would not support AG's case. AG was free to make this tactical decision, but it cannot later complain that the senior employees have been brought in to set the record straight. If AG believes it is prejudiced by not having deposed these witnesses, despite its earlier tactical decision to not take such depositions, it is free to request them. There is still plenty of time before trial.

Because the Sasoni Trusts disclosed the identity of Heller and Revkin, and the substance of their anticipated testimony, promptly after the need for their testimony arose, and because they have now amended their initial disclosures, well in advance of trial, to include Heller and Revkin, there has been no violation of Rule 26, and AG has not been prejudiced. Accordingly, AG's objection to the submission of their affidavits on summary judgment should be denied.

**CONCLUSION**

For the foregoing reasons, AG's objections to the evidence offered by the Sasoni Trusts in opposition to AG's summary judgment motion should be denied in their entirety.

---

5 In contrast, AG has never amended its initial disclosures.

POTTER ANDERSON & CORROON LLP

By: /s/ John A. Sensing
David J. Baldwin (No. 1010)
John A. Sensing (No. 5232)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Tel.: (302) 984-6017
dbaldwin@potteranderson.com
jsensing@potteranderson.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Michael Sasoni 2007-1 Insurance Trust and Michael Sasoni 2007-2 Insurance Trust*

OF COUNSEL:

John E. Failla
Elise A. Yablonski
Nathan Lander
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000

Public Version Dated: April 21, 2014
Originally Filed: April 14, 2014

[1147690 / 35104]