IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MICHAEL SASONI 2007-1 INSURANCE TRUST, a Delaware statutory trust, and MICHAEL SASONI 2007-2 INSURANCE TRUST, a Delaware statutory trust,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)  C.A. No. 09-cv-00979-GMS<br>)<br>)<br>)<br>)  **REDACTED PUBLIC VERSION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY IN SUPPORT OF OBJECTIONS TO
AMERICAN GENERAL'S SUMMARY JUDGMENT EVIDENCE**

OF COUNSEL:

John E. Failla
Elise A. Yablonski
Nathan Lander
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
Tel: (212) 969-3000

David J. Baldwin (No. 1010)
John A. Sensing (No. 5232)
Michael B. Rush (No. 5061)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel.: (302) 984-6017
dbaldwin@potteranderson.com
jsensing@potteranderson.com
mrush@potteranderson.com

*Attorneys for Plaintiffs Michael Sasoni 2007-1 Insurance Trust and Michael Sasoni 2007-2 Insurance Trust*

Public Version Dated: April 24, 2014
Originally Filed: April 17, 2014
[1150440/ 35104]

## TABLE OF CONTENTS

I. AG DOES NOT DISPUTE THAT ITS HEARSAY LETTER BRIEF IS INADMISSIBLE ................................................................................................................1

II. AMERICAN GENERAL'S "KEY PLAYERS" DEMONSTRATIVE IS INADMISSIBLE ................................................................................................................2

III. THE WECHSLER DOCUMENTS ARE INADMISSIBLE HEARSAY ............................3

IV. THE CICCHI AFFIDAVIT IS INADMISSIBLE TO CONTRADICT HIS DEPOSITION TESTIMONY ......................................................................................................................7

V. THE SASONI TRUSTS' OBJECTION TO THE ASHMAN DEPOSITION TESTIMONY SHOULD BE SUSTAINED ........................................................................9

CONCLUSION .................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

**Pages**

*Denison v. Swaco Geolograph Co.*,
   941 F.2d 1416 (10th Cir. 1991) ............................................................................................. 3

*In re New Jersey Mobile Dental Practice, P.A.*,
   2012 WL 3018052 (Bankr. D.N.J. July 24, 2012) ................................................................. 5

*Orson, Inc. v. Miramax Film Corp.*,
   79 F.3d 1358 (3d Cir. 1996) ................................................................................................. 1

*Ray v. Pinnacle Health Hospitals, Inc.*,
   416 Fed. App'x 157 (3d Cir. 2010) ...................................................................................... 8

*Salisbury Real Holdings II, LLC v. North Coventry Township*,
   2006 WL 1555715 (E.D. Pa. June 2, 2006) .......................................................................... 2

*Tilden Fin. Corp. v. Palo Tire Serv., Inc.*,
   596 F.2d 604 (3d Cir. 1979) ................................................................................................. 1

*United States v. Bertoli*,
   854 F. Supp. 975 (D.N.J.) ..................................................................................................... 2

*United States v. Eisenberg*,
   807 F.2d 1446 (8th Cir. 1986) .............................................................................................. 4

*United States v. Oyakhire*,
   431 Fed. App'x 126 (3d Cir. 2011) ...................................................................................... 2

*United States v. Wright*,
   206 F. Supp. 2d 609 (D. Del. 2002) ..................................................................................... 6

**RULES**

Fed. R. Evid. 404(b) ..................................................................................................................... 2

Fed. R. Evid. 807(a) ..................................................................................................................... 6

Fed. R. Evid. 611(a) .................................................................................................................. 2, 3

Fed. R. Evid. 803(6)(D) ............................................................................................................... 5

Fed. R. Evid. 807(a) ..................................................................................................................... 6

Fed. R. Evid. 901(a) .................................................................................................................. 3

Fed. R. Evid. 1006 ................................................................................................................. 2, 3

Plaintiffs the Michael Sasoni 2007-1 Insurance Trust and the Michael Sasoni 2007-2 Insurance Trust (together, the "Sasoni Trusts") hereby submit this reply memorandum in further support of their Objections Pursuant to Rule 56(c)(2) to American General's Summary Judgment Evidence. [D.I. 122]

In its objections, the Sasoni Trusts demonstrated that pages AG App. [D.I. 113-24] 1, 32, 40-41, 164, 213-18, 269-70, 274-75 and 276-89 of AG's summary judgment evidence should be stricken from consideration. In opposition, AG argues for admissibility of these materials on a variety of theories but, for the reasons set forth below, AG's positions lack merit, and the Sasoni Trusts' objections should be sustained in their entirety.

I. **AG DOES NOT DISPUTE THAT ITS HEARSAY LETTER BRIEF IS INADMISSIBLE**

In support of its motion for summary judgment, AG relies on facts alleged in a letter brief to the Court in a different case. (AG App. 213-18). The Sasoni Trusts demonstrated in their opening objections brief that this document is wholly inadmissible because it is simply an allegation, not evidence, and also inadmissible hearsay. [D.I. 122 at 2-4] *See also Tilden Fin. Corp. v. Palo Tire Serv., Inc.*, 596 F.2d 604, 607 (3d Cir. 1979) ("more than mere allegations are necessary to defeat a properly supported motion for summary judgment"); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1372 (3d Cir. 1996) ("Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion.") (*quoting Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109 (3d Cir. 1985)). AG offers no response to this argument. Accordingly, AG concedes that AG App. 213-18 is properly stricken from the summary judgment record.[1]

---

[1] AG devotes an entire point of its brief to arguing that "evidence from other cases involving similar parties and similar transactions is not only admissible but it is also probative of

## II. AMERICAN GENERAL'S "KEY PLAYERS" DEMONSTRATIVE IS INADMISSIBLE

In their opening brief, the Sasoni Trusts demonstrated that AG's "Key Players" chart (AG App. 1) is inadmissible under Fed. R. Evid. 1006 because it is misleading and not itself based on admissible evidence, and AG has made no showing that the underlying documents are too voluminous to be examined in court. [D.I. 122 at 4-5] In opposition, AG claims that the chart should be analyzed under Rule 611, not Rule 1006 and asserts, without explanation, that "the chart is based entirely on the record evidence." [D.I. 150 at 9]

Rule 611(a) permits the trial court to control "the mode and order of examining witnesses and presenting evidence." Fed. R. Evid. 611(a). Under Rule 611(a), a trial court has discretion to permit the use of a demonstrative chart to assist the fact-finder in understanding complex information. *United States v. Oyakhire*, 431 Fed. App'x 126, 128 (3d Cir. 2011); *Salisbury Real Holdings II, LLC v. North Coventry Township*, 2006 WL 1555715, at *2 (E.D. Pa. June 2, 2006); *United States v. Bertoli*, 854 F. Supp. 975, 1053 (D.N.J.), *aff'd in part, vacated in part*, 40 F.3d 1384 (3d Cir. 1994). While the charts themselves are not evidence, the summaries must be based on admitted evidence. *Id.* The Court must be satisfied that the demonstrative chart will aid the jury in understanding the case. *Bertoli*, 854 F. Supp. at 1056, n.147.

---

the existence and characteristics of the STOLI scheme used in this case." [D.I. 150 at 8-9] But this argument fails to address the Sasoni Trusts' argument that the letter brief is blatant hearsay. AG argues that the Court should "exercise common-sense, look at the other cases on its docket, and acknowledge the existence of a common STOLI scheme and the key players in this scheme." [D.I. 150 at 8-9] There is no support in the Federal Rules for overcoming a hearsay objection in this manner. To the extent AG relies on Fed. R. Evid. 404(b), its argument is misplaced because, as AG acknowledges, one must have "evidence" of other similar acts in order to qualify for admission to prove a common scheme or plan. But AG only offers hearsay, not evidence. The fact that AG seeks to prove a common scheme or plan does not turn hearsay into admissible evidence.

2

By invoking Rule 611(a) instead of Rule 1006, AG concedes that its "Key Players" chart is not itself admissible evidence. Thus, the chart should be stricken from summary judgment. There is no reason the Court cannot evaluate the underlying evidence on its own. Moreover, whether analyzed under Rule 1006 or 611, AG has not responded to the Sasoni Trusts' demonstration that the chart is not supported by the record evidence. Accordingly, the Sasoni Trusts' objection to the "Key Players" chart should be sustained.

## III. THE WECHSLER DOCUMENTS ARE INADMISSIBLE HEARSAY

In their opening brief, the Sasoni Trusts challenged four letters purporting to be written by the Wechsler Financial Group (AG App. 32, 40-41, 164) as inadmissible hearsay that also cannot be authenticated.[2] [D.I. 122 at 3, n.2] Wechsler's deposition testimony is insufficient to authenticate them, and since Wechsler is beyond the subpoena power of the Court, he cannot be compelled to testify at trial to authenticate these documents. AG apparently does not dispute these points.

Instead, AG argues that the letters can be authenticated because they purport to bear the letterhead of Wechsler Financial Group and contain "specific information" that "coincides" with other evidence in the case. Rule 901(a) requires the proponent to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The mere fact that the letters in question purport to bear a company's letterhead does not satisfy this authenticity requirement. AG's citation to *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991), does not support AG's assertion that "[l]etters on corporate letterhead . . .

---

[2] Even if the Court were to consider the Wechsler letters, it would not entitle AG to summary judgment on its insurable interest claim because there is no evidence that GIII procured the Sasoni policies or funded the Sasoni Trusts. *See* Sasoni Trusts' Answering Brief in Opposition to AG's Motion for Summary Judgment [D.I. 123] at 10-18.

have a strong indicia of authenticity." [D.I. 150 at 6] To the contrary, that case focuses on the fact that the documents had been produced in discovery by the joint venture partner of the party challenging its authenticity, and was on the joint venture partner's letterhead, which the Court concluded was sufficient evidence of authenticity in that case. Similarly, in *United States v. Eisenberg*, 807 F.2d 1446, 1452-53 (8th Cir. 1986), the Court held that circumstantial evidence, including the fact that the letter in question had been found in the suitcase of the defendant's co-conspirator, and mentioned a brother facing a jail sentence, which the co-conspirator had, sufficiently established that the letter had been written by the co-conspirator.

AG has no such evidence here. The documents at issue here were produced from AG's own files and from the personal files of Michael Sasoni, not from Wechsler's files. (AG App. 32 was produced from AG's own files, and AG App. 40-41 and 164 were produced by Michael Sasoni.) AG contends that the letters correctly identify Sasoni's personal physician, but Mr. Sasoni was never asked to identify his physician. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ likewise insufficient to establish that these documents are what they purport to be, especially since those are precisely the facts that AG seeks to prove with these documents.

AG additionally argues that these letters fall under the business records exception to the hearsay rule. AG acknowledges that to demonstrate the applicability of the business records exception, it must offer testimony "'(1) that the declarant in the records had knowledge to make accurate statements; (2) that the declarant recorded statements contemporaneously with the actions which were the subject of the reports; (3) that the declarant made the record in the regular course of the business activity; and (4) that such records were regularly kept by the business.'" [D.I. 150 at 6-7]

4

AG asserts that "[a]ll of these elements are met here" and alleges that "the letters were issued in the regular course of Wechsler Financial's business." [D.I. 150 at 7] But AG cannot point to any record evidence establishing these elements. Rule 803(6)(D) requires that each of the elements of the business records exception be established "by the testimony of the custodian or another qualified witness, or by a certification." Fed. R. Evid. 803(6)(D). There is no testimony from Wechsler or anyone else that these letters were issued in the regular course of his business or that they were regularly kept by the business. To the contrary, these letters were not even found in Wechsler's files.[3]

The letter annexed at AG App. 32 was not shown to Wechsler in his deposition. ███ ███████████████████████████████████████████████ ████████████████████████ AG cites no testimony that might establish whether the declarant in each document had knowledge to make accurate statements, whether the statements were recorded contemporaneously, whether the letters were prepared in the ordinary course of business or whether the records were kept in the ordinary course of business. None of these documents was shown to Michael Sasoni at his deposition either, and he, too, is beyond the subpoena power of the Court. Accordingly, AG will not be able to establish that these letters are entitled to the business records exception.

---

[3] AG's citation to *In re New Jersey Mobile Dental Practice, P.A.*, 2012 WL 3018052, at *8 (Bankr. D.N.J. July 24, 2012) for the proposition that "[p]rongs three and four of [the Rule 803(6)] analysis are satisfied given that the letters were issued in the regular course of Wechsler Financial's business" [D.I. 150 at 7] is misleading. In that case, the Court had sufficient evidence to make a finding that "keeping [the document at issue] was a regularly conducted activity of the Department's business and that the issuance of letters of this type is a regular practice of the Department's business." 2012 WL 3018052, at *6. Here, AG has no such evidence.

Finally, AG argues that the "residual exception" to the hearsay rule applies to these documents. The "residual exception" is set forth in Rule 807, which provides that a hearsay statement is not excluded by the rule against hearsay if "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a). This exception is to be used "only rarely" and in "exceptional circumstances" and is meant to apply "only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." *United States v. Wright*, 206 F. Supp. 2d 609, 616 (D. Del. 2002) (citing *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978)). As noted above, AG made no effort to authenticate these documents during the depositions of Wechsler or Sasoni. This is not an exceptional case that justifies invoking the residual exception.

AG argues that the Wechsler letters "have a variety of circumstantial guarantees of their trustworthiness given that Wechsler Financial had no reason to convey inaccurate instructions to Sasoni." [D.I. 150 at 7] It is highly ironic that AG is arguing here that letters purporting to be from Wechsler's company are "trustworthy" and that Wechsler had no reason to lie, considering that AG's theory of the case is that Wechsler was a "key player" in an "absolute scam" involving "an intricate plan designed to circumvent Delaware's insurable interest laws by masking the true nature of the transactions and creating the illusion that Sasoni first took out the policies for the benefit of his family and only later decided to sell them to investors." [D.I. 112 at 1] In any event, AG has no evidence to support its assertions, or any other basis to establish "exceptional guarantees of trustworthiness" as to the Wechsler letters.

IV. **THE CICCHI AFFIDAVIT IS INADMISSIBLE TO CONTRADICT HIS DEPOSITION TESTIMONY**

In their opening brief, the Sasoni Trusts demonstrated that the affidavit of Robert Cicchi, offered by AG (AG App. 276-89), is inadmissible because it contradicts his deposition testimony.[4] [D.I. 122 at 8-10] The Cicchi affidavit was submitted by AG for the sole purpose of attesting that ████████████████████████████████████████████

---

[4] Even if the Court were to consider the Cicchi affidavit, it would not entitle AG to summary judgment on the misrepresentation claim or defeat the Sasoni Trusts' motion for summary judgment ████████████████████████████████████████████. *See* [D.I. 133 at 4].

7



An indirect conflict is sufficient to trigger preclusion. *See Ray v. Pinnacle Health Hospitals, Inc.*, 416 Fed. App'x 157, 164 (3d Cir. 2010) (finding contradiction between declaration stating that claimant was forced to accept three-member hearing panel conflicted with prior deposition testimony that claimant agreed to constitution of the panel without objection and had one panel member replaced due to his objection).

First, there is no exception to the sham affidavit doctrine for affidavits that can be corroborated.

That plainly establishes that the Financial Planning response was not material to AG.

Because Cicchi's affidavit attempts to contradict his prior deposition testimony on a key point, it should be disregarded on AG's motion for summary judgment.

## V. THE SASONI TRUSTS' OBJECTION TO THE ASHMAN DEPOSITION TESTIMONY SHOULD BE SUSTAINED

In opposition to the Sasoni Trusts' objections to AG's summary judgment evidence, AG has reasserted its argument, incongruously first made in AG's objections to the Sasoni Trusts' summary judgment evidence [D.I. 132], that the Sasoni Trusts are "attempt[ing] to create an issue of fact" with the errata sheet to the deposition transcript of Althea Ashman. [D.I. 150 at 3] American General is still confused.

The Ashman deposition corrections are not offered as "evidence" by the Sasoni Trusts. The Sasoni Trusts have not attempted to raise an issue of fact in their objections to AG's summary judgment evidence. (The Sasoni Trusts *do* raise issues of fact in their brief and exhibits submitted in opposition to AG's summary judgment motion. [D.I. 123]) Instead, the Sasoni Trusts simply object to AG's reliance on Ms. Ashman's testimony to the extent AG deceptively failed to acknowledge the witness's sworn corrections to portions of her testimony on which AG relies. AG fails to respond to this argument, preferring instead to swat at its own straw man. Because AG has not responded to the Sasoni Trusts' objection to the Ashman deposition testimony, this objection should be sustained.

## CONCLUSION

For the foregoing reasons, the Sasoni Trusts' objections to pages AG App. 1, 32, 40-41, 164, 213-18, 269-70, 274-75 and 276-89 of AG's summary judgment evidence should be sustained, and these materials should be stricken from consideration in support of AG's motion for summary judgment.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| John E. Failla<br>Elise A. Yablonski<br>Nathan Lander<br>PROSKAUER ROSE LLP<br>11 Times Square<br>New York, New York 10036<br>Tel: (212) 969-3000 | By: _/s/ John A. Sensing_____<br>David J. Baldwin (No. 1010)<br>John A. Sensing (No. 5232)<br>Michael B. Rush (No. 5061)<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>Tel.: (302) 984-6017<br>dbaldwin@potteranderson.com<br>jsensing@potteranderson.com<br>mrush@potteranderson.com<br><br>*Attorneys for Plaintiffs Michael Sasoni 2007-1 Insurance Trust and Michael Sasoni 2007-2 Insurance Trust* |

Public Version Dated: April 24, 2014
Originally Filed: April 17, 2014

[1150440/ 35104]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, John A. Sensing, hereby certify that on April 24, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which sent notification to the below registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

>Jason A. Cincilla
>Andrew R. Silverman
>MANION GAYNOR & MANNING LLP
>1007 North Orange Street, 10th Floor
>Wilmington, DE 19801
>jcincilla@mgmlaw.com
>asilverman@mgmlaw.com
>
>*Attorneys for Defendant*

/s/ John A. Sensing
David J. Baldwin (No. 1010)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 984-6000
jsensing@potteranderson.com

*Attorneys for Plaintiffs*
*Michael Sasoni 2007-1 Insurance Trust and*
*Michael Sasoni 2007-2 Insurance Trust*

[1150440 / 35104]